### TURNER v. THE STATE.

SUITS—*Cannot be brought against the State.*—Under *Sec.* 45, *Art. V, State Cons't,* before suits can be brought against the State, the General Assembly must direct by law in what manner and in what courts suit may be brought.

#### APPEAL FROM PULASKI CIRCUIT COURT.

HON. JOHN WHYTOCK, *Circuit Judge.*

*E. W. & D. Gantt*, for Appellant.

*Montgomery, Attorney General*, for Appellee.

SEARLE, J.—Benton Turner brought his action against the State of Arkansas, in the Pulaski Circuit Court, for services rendered as detective, etc., in the employ of Powell Clayton, as Governor of the State of Arkansas.

The defendant demurred to the complaint; the demurrer was sustained and the plaintiff appealed to this court.

22

It is entirely unnecessary for us to notice the questions raised by the demurrer, among which the chief one is, as to whether the plaintiff could recover against the State for such services as he alleges in his complaint, as we are of opinion that the court below had no jurisdiction to try the case.

It is provided, in the Constitution of the State, that, " The General Assembly shall direct by law, in what manner and in what courts suits may be brought by and against the State;" See *Sec.* 45, *Art. V, Constitution.* Comment upon this section is unnecessary to show that before suits can be brought against the State, the General Assembly must first provide by law the manner and the courts for bringing of the same. To meet the requirements of this provision, the General Assembly of 1869, attempted to enact into law the chapter of the so-called " chapters of the Digest," entitled " How suits may be brought against the State." This chapter, together with many others of the so-called " chapters of the Digest," was declared by this court to be invalid, the same not having been passed in accordance with those rules and solemnities required by the law and the Constitution of the State ; See *Vinsant vs. Knox,* decided at the present term.

This action, having been brought under this chapter, was improperly brought, gave the court no jurisdiction and should have been dismissed.

The cause is remanded to the court below with instructions there to dismiss the same for the want of jurisdiction.